IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

LINDA KEAN,                              )
                                         )
      Plaintiff,                       )         C V 4 1 6 - 2 0 7
                                         )
                                         )         Civil Action Case No.:_____
v.                                       )
                                         )
THREE RIVERS REGIONAL                    )
LIBRARY SYSTEM,                          )
                                         )
      Defendant.                       )

## COMPLAINT

COMES NOW LINDA KEAN, Plaintiff in the above-styled civil action, and files this Complaint against Defendant as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff LINDA KEAN ("KEAN") is an adult residing at 231 Dogwood Drive, Elizabethtown, (Lancaster County), Pennsylvania, 17022-9447.

2.      THREE RIVERS REGIONAL LIBRARY SYSTEM ("TRRLS") is a Regional system of libraries serving Brantley, Camden, Charlton, Long, McIntosh and Wayne Counties, created under the authority of Title 20 Chapter 5 of the Official Code of Georgia (O.C.G.A. § 20-5-1 *et seq.*) . While the Board of Regents of the University System of Georgia has ultimate supervisory authority over the Library (O.C.G.A. § 20-5-2(a)), the governing authority is the Three Rivers Regional Library System Board of Trustees. TRRLS's administrative office is located at 280 S.

1

Mahogany Street, Jesup, Georgia 21545. TRRLS may be served by and through its Board of Trustee Chairman James G. Cote.

3.      This is an action against TRRLS arising from its violation of the Fair Labor Standard Act ("FLSA") and other legal grounds as further stated within this Complaint. This Honorable Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper under 28 U.S.C. § 1391 in that all, or a substantial portion, of the events giving rise to the claim arose within this district.

BACKGROUND

5.      KEAN was hired as Director of TRRLS at a public meeting of TRRLS in October 2009. The start date of her employment was set for January 1, 2010. She worked at the location at 280 South Mahogany Street in Jesup, Georgia.

6.      While TRRLS asserted that KEAN was a worker exempt from the FLSA, during all pertinent times, TRRLS treated her as a normal hourly worker. In fact, TRRLS created and maintained a written Personnel Policy that, *inter alia,* required all employees including KEAN to work 8 hours a day, 40 hours per week, record time in attendance at work and absences in 15 minute increments, and submit time and attendance records to TRRLS. TRRLS used the time and attendance records to adjust leave balances and reduce pay in the event an employee had insufficient accumulated leave and/or compensatory time. The Personnel Policy was issued to ALL employees. Adherence to the Personnel Policy was a condition of continuing employment.

2

7.      Pertinent here, TRRLS required that KEAN work 8 hours a day and 40 hours a week. It mandated that she keep strict track of her hours.

8.      Where a TRRLS worker exceeded 40 hours in a work week, that employee could bank "comp time", as he or she could not be paid overtime.  TRRLS credited KEAN with comp time for periods where her weekly recorded time exceeded forty hours. It would then apply the comp time where she failed to work forty hours in a week. If KEAN failed to work the requisite hours during a pay period, she suffered a reduction in her pay where she did not have available comp time.

9.      Further while still employed with TRRLS, KEAN became aware of facts indicating that John C. Swingle (member of the Board of Trustees, TRRLS; member of the executive committee, TRRLS; and Chairman of the Board of Trustees, Ida Hilton Public Library, Darien, GA) was failing to properly manage Library finances, was not accurately reporting financial information about the Library to the public, was not complying with applicable Open Meetings law and other provisions of Georgia law applicable to TRRLS operations, and was harassing and intimidating workers.   KEAN made public complaints about this behavior and advocated changes in the Board practices, as well as Mr. Swingle's removal. The Chairman of the McIntosh County Commission and TRRLS's attorney recommended Mr.  Swingle's removal; however, the Board of Trustees failed to perform their statutory duty to remove Swingle from office for cause.

10.     KEAN provided notice of resignation on July 22, 2014.  The notice of resignation indicated an effective date of December 31, 2014.  It was KEAN's intention to utilize all accrued annual leave (AL) and compensatory time (CT) in addition to working as a consultant in a

3

telecommuting capacity. This letter included a provision for KEAN to be compensated after the effective date of her resignation for any additional work that might be necessary as a result of litigation in which TRRLS was involved. Notice was further disseminated via email to members of the Board of Trustees on July 28, 2014.

11.     On Friday, July 25, 2014, KEAN met with James G. Cote (Chairman of the Board of Trustees, Three Rivers Regional Library System). Cote indicated that John C. Swingle was angry at KEAN due to a dispute over financial records of Ida Hilton Public Library and KEAN's report of Swingle's conduct in office. Cote indicated that Swingle did not want to pay KEAN for any time after her last day in the office.

12.     TRRLS stopped all payments to Kean on July 31, 2014.

13.     From August 4, 2014 to August 14, 2014 KEAN and Mr. Cote exchanged emails regarding KEAN's resignation. This exchange culminated in KEAN sending an email supplement to her original letter of resignation. KEAN withdrew her offer to act as consultant and amended her last date of employment (effective date of the resignation) to November 5, 2014. KEAN also clearly stated her expectations to be paid for all accrued AL and CT just as all prior directors had been. KEAN submitted appropriate payroll records to account for her right to this compensation.

14.     On September 2, 2014, KEAN received a communication from TRRLS's attorney, David Michael Conner which included a proposed release. The communication asked her "Let me know if your end has any comments, changes". When KEAN expressed concern over conditions the document placed over her family members, and non-disclosure requirements

4

that could not be met due to Georgia's Open Records[1] and Open Meetings[2] laws, the firm responded on September 24, 2014 refusing to address any of the concerns. The letter further included a detailed analysis of hours worked and absences that purportedly justified a payment of $721.25 as the final payment for all wages owed.  This letter disputed the *amount* of comp time hours for which KEAN should receive credit, not her entitlement to payment for credited comp time.

15.     KEAN responded by again inviting discussion of her points of concern in the agreement and noting why the proffered payment was insufficient compensation for the hours worked. The law firm did not answer this letter.

16.     On October 29, 2014, pursuant to The Personnel Policy KEAN filed a grievance for TRRLS's denial of payment of all compensation owed.

17.     On November 26, 2014, TRRLS gave written notice that TRRLS's Board of Trustees had issued a final denial of the grievance.

18.     To date, TRRLS has not provided the Separation Notice[3] required by the Georgia Employment Security Law[4]. This notice was routinely and consistently provided to all separated employees during KEAN's tenure as director.

19.     To date, TRRLS has not provided the Notice of Continuation Coverage required by Title XXII of the Public Health Service Act[5] and The Consolidated Omnibus Budget Reconciliation Act of 1986 (COBRA).  TRRLS's failure to provide the notice precluded KEAN from obtaining medical insurance benefits to which she was entitled by law.  As a result of TRRLS's

[1] *O.C.G.A. § 50-14-1 et seq*
[2] O.C.G.A. § 50-18-70 *et seq*
[3] Georgia Department of Labor form DOL-800
[4] O.C.G.A. § 34-8-190(c) and GDOL Rules § 300-2-7-.06
[5] 42 U.S.C. §§ 300bb-1 through 300bb-8

5

failure to provide the COBRA notice, KEAN purchased medical insurance of lesser quality at a

greater expense.

      20.    TRRLS has paid the identified two previous directors and an additional employee

post-termination as follows:

(a)    Leslie Jones:

| Name | Position | Start Date | End Date of Pay |
|---|---|---|---|
| Leslie A. Jones | Director | November 1, 2008 | December 31, 2009 |
| Employment terminated by: | | Resignation | |
| | | Notice Date | Effective Date |
| | | October 1, 2009 | December 31, 2009 |

Jones' last day of work in the office was October 23, 2009. At the time Jones tendered her resignation she had accumulated 75 hours of annual leave (AL), 28 hours of compensatory time (CT), and 16 hours of sick leave (SL). Jones received full pay from October 26, 2009 up to and including December 30, 2009 even though Jones had moved to Bennett, Colorado within days of her last day in the office, October 23, 2009.

Despite having moved to Colorado, Jones was paid for 190 work hours during the months of October (8 hours), November (136 hours) and December (46 hours). Jones was paid for 110 hours of AL in October (32 hours) and December (78 hours). Jones was paid for 16 hours of SL in December. She also received 40 hours (5 days) pay attributed to holidays in November and December, presumably Thanksgiving and Christmas. Jones was paid for 28 hours of CT in December.

(b)    Jimmy Lee Darby

| Name | Position | Start Date | End Date of Pay |
|---|---|---|---|
| Jimmy Lee Darby | Director | June 1, 1979 | October 7, 2005 |
| Employment terminated by: | | Resignation | |
| | | Notice Date | Effective Date |
| | | September 28, 2005 | October 7, 2005 |

Darby's last day of work in the office was May 31, 2005. On that date he had accumulated 196.25 hours of annual leave (AL), 545.50 hours of compensatory time (CT), and 693.75 hours of sick leave (SL). Darby received full pay from June 1, 2005 up to

6

and including October 7, 2005.  Darby received payment for 93 days after his last day of work which fully accounted for the combined sum of his accumulated AL and CT.

It should be noted that Darby's resignation does not comply with the Personnel Policy with respect to timeliness, i.e. the letter is dated a mere nine days prior to taking effect. The Personnel Policy requires that notice of resignation be submitted at least one calendar month in advance of the effective date of the resignation.[6]  The Personnel Policy provides for a penalty in the event of untimely notice of resignation.[7]  No such penalty was imposed on Darby.

Also noteworthy during Darby's employment with TRRLS is the treatment of accrued CT. At the end of calendar year 2002 Darby had accrued 472.5 hours of CT; this balance was forwarded into calendar year 2003. At the end of calendar year 2003 Darby had accrued 508.75 hours of CT; this balance was forwarded into calendar year 2004. At the end of calendar year 2004 Darby had accrued 549.00 hours of CT; this balance was forwarded into calendar year 2005.

(c)     Carey Knapp

| Name | Position | Start Date | End Date of Pay |
|---|---|---|---|
| Carey Knapp | Librarian | June 1, 1990 | January 31, 2010 |
| Employment terminated by: | | Resignation | |
| | | Notice Date | Effective Date |
| | | October 15, 2009 | November 15, 2009 |

Knapp's last day of work in the office was October 19, 2009.  At the time Knapp tendered her resignation she had accumulated 110 hours of annual leave (AL), 207.75 hours of compensatory time (CT), and 643.25 hours of sick leave (SL).  Knapp received full pay from October 20, 2009 up to and including January 29, 2010 even though Knapp had submitted her resignation on October 15, 2009 and had ceased working for TRRLS on October 19, 2009. Knapp was paid for all AL and CT she had accrued.

COUNT I

Plaintiff hereby incorporates by reference Paragraphs 1 through 20 of this Complaint as

if the same were re-alleged herein *verbatim*.

---

[6] Personnel Policy, Sec. VIII Terminations, Para. A.1.
[7] Personnel Policy, Sec. VIII Terminations, Para. A.2.

21.     At all times, Defendant TRRLS has been and continues to be an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

22.     The FLSA requires TRRLS to compensate all non-exempt employees at a rate of not less than 1 ½ the regular rate of work performed in excess of forty hours in a work week. see 29 C.F.R. § 553.22. This requirement further mandates giving time and a half credit for "comp" time, where such time is offered in lieu of overtime pay.  29 C.F.R. § 553.27.

23.     TRRLS treated KEAN as a non-exempt worker by tracking her time like an hourly worker and reducing her pay for weeks where she did not work 40 hours and where she did not have available comp time, and thus KEAN under the facts of this case is not an exempt employee as defined by provisions of the FLSA and is, therefore, entitled to the protections of the FLSA. see e.g.  29 C.F.R. § 541.602

24.     During her entire employment tenure, per the requirements of TRRLS, KEAN tracked and reported all hours, including overtime hours and provided said information to TRRLS.

25.     TRRLS has unlawfully failed and refused to give KEAN comp time credit for all overtime hours worked in violation of the FLSA, including 29 U.S.C. § 201 et seq, and 29 C.F.R. § 553.20 et seq.

26.     KEAN is entitled to damages in the amount of her respective unpaid overtime compensation plus liquidated damages as provided by the FLSA 29 U.S.C. § 216(b).

27.     KEAN further seeks her attorneys fees and costs associated with this cause as provided by 28 U.S.C. §216(b).

8

## COUNT II

Plaintiff hereby incorporates by reference Paragraphs 1 through 27 of this Complaint as if the same were re-alleged herein *verbatim*.

28.    TRRLS retaliated against KEAN for her exercise of her protected First Amendment rights in speaking out about matters of public concern relating to Board Member Swingle by terminating her early and refusing to pay all compensation due and owing.

29.    KEAN is entitled to damages in the amount of her respective lost income as well as all other compensatory and consequential damages suffered as a result of this retaliatory behavior under all applicable law.

30.    KEAN further seeks her attorneys fees and costs associated with this cause.

## COUNT III

Plaintiff hereby incorporates by reference Paragraphs 1 through 30 of this Complaint as if the same were re-alleged herein *verbatim*.

31.    TRRLS's failure to offer KEAN the opportunity for continuation coverage under its health insurance plan constituted a violation of 42 U.S. Code § 300bb–1 et eq.

32.    Said violation caused KEAN damages, such damages including extra costs for health insurance, as well as other compensatory and consequential damages.

## Count IV

Plaintiff hereby incorporates by reference Paragraphs 1 through 32 of this Complaint as if the same were re-alleged herein *verbatim*.

33.     TRRLS agreed to (i) Provide all employees credit for comp time for all hours worked in excess of forty hours in a week; and (ii) Pay employees upon termination of employ for all accrued comp time.

34.     TRRLS has breached this agreement between the parties and owes KEAN the amount of $21,671.24 for accrued CT, AL and unpaid reimbursement.

## COUNT V

Plaintiff hereby incorporates by reference Paragraphs 1 through 34 of this Complaint as if the same were re-alleged herein *verbatim*.

35.     Through publications and past practices, TRRLS made representations to KEAN, such representations including  that it would (i) Provide all employees credit for CT for all hours worked in excess of forty hours in a week; and (ii) Pay employees upon termination of employ for all accrued CT.

36.     KEAN, in reasonable reliance upon these promises, worked multiple overtime hours during her employment.

37.     TRRLS should reasonably have expected that this promise would induce KEAN to work overtime hours in anticipation of being compensated for these hours through either credit during employment, or reimbursement for unused hours at the termination of employment.

38.     KEAN has been harmed by TRRLS's failure to abide by its promise.

39.     Injustice can be avoided only by enforcement of TRRLS's promise.

40.     TRRLS has breached its promise and owes the KEAN the amount of $21,671.24.

10

## COUNT VI

Plaintiff incorporates by reference paragraphs 1 through 40 as if the same were re-alleged herein verbatim.

41.     TRRLS has acted in bad faith, has been stubbornly litigious and has caused KEAN unnecessary trouble and expense, such actions including but not limited to: withholding funds to which KEAN was entitled and departing from policies and practices common with other employees in its dealings with KEAN due to anger over her good faith efforts to ensure fair, ethical and legal behavior by officials, attempting to cause the termination of KEAN due to the exercise of her rights, demanding that KEAN agree to actions that violate law and/or public policy  in order to receive compensation to which she was entitled,  demanding that KEAN waive legal rights and agree to certain conditions favorable to TRRLS to pursue her grievance, and requiring that she travel from Pennsylvania to Georgia with less than a week's notice to personally present the grievance to the Board of Trustees,. Accordingly, TRRLS is liable to KEAN for attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff prays that it be granted the following relief:

(a)     That summons and process be issued and served upon Defendant;

(b)     That the claims of Plaintiff be heard by a jury of twelve persons;

(c)     All compensatory damages suffered because of the retaliation.

(d)     That Plaintiff recover liquidated damages as provided by the FLSA 29 U.S.C. § 216(b).

(e)     That Plaintiff recover other consequential and compensatory damages as are proven at trial;

11

(f)     That Plaintiff recover her costs and reasonable attorneys' fees incurred with this

lawsuit with interest thereon;

(g)     That the Court award such further damages and relief to the Plaintiff as

requested herein;

(h)     That Plaintiff recovers such other and further relief as this Court deems just and

proper under law or equity.

Respectfully submitted, this 22nd day of July, 2016.

MATTHEW M. BUSH, ATTORNEY AT LAW, LLC

/s/ Matthew M. Bush
P. O. Box 30567                              Matthew M. Bush
Savannah, GA 31410                       Georgia Bar No. 098815
(912) 231-3243                              Attorney for Plaintiff
(912) 231-3524 – Facsimile
mbush@mattbushlaw.com

**VERIFICATION**

PERSONALLY APPEARED BEFORE the undersigned officer duly authorized by law to administer oaths, LINDA KEAN, being duly sworn, deposes and says:

I am LINDA KEAN, Plaintiff.  I have read the COMPLAINT in the case of <u>LINDA KEAN v.</u> <u>THE BOARD OF TRUSTEES OF THREE RIVERS REGIONAL LIBRARY SYSTEM</u> and know the contents thereof, and the same is true to my knowledge, except as to the matters therein stated on information and belief, and as to those matters, I believe them to be true.

LINDA KEAN

Sworn to and subscribed to me on
this 22 day of July , 2016.

Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JULIE C. BLEACHER-LLOYD, Notary Public
Elizabethtown Boro., Lancaster County
My Commission Expires June 19, 2018